**FILED**

**Samuel L. Kay, Clerk**
**United States Bankruptcy Court**
**Augusta, Georgia**
**By jpayton at 12:32 pm, Jun 11, 2010**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>07-12092</u> |
| ALONZA L. MARTIN, JR. | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| KELVIN P. JACKSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | Number <u>08-01010</u> |
| ALONZA L. MARTIN, JR., | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## REPORT AND RECOMMENDATION TO THE UNITED STATES DISTRICT COURT TO DENY IN FORMA PAUPERIS OF ALONZA L. MARTIN, JR.

Pursuant to 28 U.S.C. §1915, Alonza L. Martin, Jr., <u>pro se</u>, ("Mr. Martin") seeks to proceed in forma pauperis on appeal of this Court's order denying his discharge of a debt owed to Kelvin P. Jackson ("Mr. Jackson"). For the reasons set forth below, I recommend the United States District Court for the Southern District of Georgia deny Mr. Martin's in forma pauperis application.

### FACTS

Mr. Martin's Motion to File and Proceed on Appeal In Forma Pauperis ("IFP Motion") was filed March 8, 2010 and indicates the

✎AO 72A
(Rev. 8/82)

following:

> [he] is a self employed Contractor who is
> currently without a contract and earned last
> year $23,211.00 with expense[s] of $30,948.00
> and therefore support's [sic] himself through
> assistance and gifts from family members.

### MONTHLY BREAK DOWN OF EXPENSE[S]

```
Mortgage for Appellant Home......$916.24
Equity Line......................$250.00
Child Support....................$465.00
Power Bill for Home..............$360.00
Water Bill........................$60.00
Cell Phone Bill..................$128.00
Truck Expense....................$400.00
TOTAL EXPENSES.................$30,948.00 [sic][1]
```

(Adv. Proc. No. 08-01010, Dckt. No. 78, ¶2.)

At the hearing held on May 27, 2010, Mr. Martin testified that his sole source of income was through a few construction jobs and occasional gifts from family and friends. He further testified that he currently had no construction work and therefore no earned income. In addition, he testified he also has a $500.00/month truck payment which is not listed on his affidavit; however, he stated he has not been making his truck payment and he is $10,000.00 behind. He testified the truck expense of $400.00/month is for gas and repairs.

---

[1] This appears to be Mr. Martin's purported yearly expenses not his total monthly expenses. It appears to be the product of $2,579.24 multiplied by twelve months.

2

After Mr. Martin filed this IFP Motion, on April 29, 2010, he filed a Reaffirmation Agreement for a debt with VAH Credit Union. (Chap. 7 Case No. 07-12092, Dckt. No. 130.)  In this Reaffirmation Agreement, Mr. Martin indicated he believed the reaffirmation agreement would not impose an undue financial hardship upon him. The reaffirmation agreement states:

> I can afford to make the [$250.00 per month] payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $2,850.00, and my actual current monthly expenses, including monthly payments on post bankruptcy debts and other reaffirmation agreements total [$2,305.53],[2] leaving $544.47 to make the required payments on this reaffirmed debt.

(Chap. 7 Case No. 07-12092, Dckt. No. 130, Part D.)  At the hearing, Mr. Martin testified these reaffirmation figures came from his Bankruptcy Schedules I and J, not his actual income and expenses. The form reaffirmation agreement clearly contemplates an analysis of one's current monthly income and expenses, as it is the basis for a determination if one can afford to make future payments.  The form provides space to explain one's actual income and expenses if they differ from the bankruptcy schedules, which was not done by Mr.

---

[2]  Mr. Martin's hand written entry depicting his expenses set forth in the Reaffirmation Agreement is illegible, but appears to be $2,305.00.  Nevertheless, based upon Mr. Martin's testimony that these income and expense figures were obtained from his Bankruptcy Schedules I and J, and to make his mathematical calculation correct, I have concluded the expense figure is $2,305.53.

3

Martin.  At the hearing, Mr. Martin indicated he merely signed what the attorney for the credit union submitted to him, notwithstanding the personal certifications required from Mr. Martin.  This is not the first time, Mr. Martin has offered such an explanation in this case, and it clearly does not excuse him from the financial representations made therein.

At the hearing, Mr. Martin also tendered into evidence Martin Renovations, Inc.'s bank statements for the months of February, March and April, 2010 which show ending balances of $152.23, $0.13 and $418.73, respectively.  He testified he does not have a personal checking or savings account.  Nevertheless, he confirmed he is paid in cash for some jobs, and at the §523 trial uncontroverted testimony was provided that, at times, he required Mr. Jackson to tender split checks, one to Mr. Martin, individually, and one to Martin Renovations, Inc.  (Adv. Proc. No. 08-01010, Dckt. No. 73, pp. 5 and 9.)  Furthermore, he admits to receiving gifts from family and friends; however the amount of the income from gifts is not listed on the affidavit.

### CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. §1915,

any court of the United States may authorize . . . [an] appeal [to proceed] without prepayment of fees or security therefor, by a [debtor] who submits an affidavit that includes a statement of all assets such [debtor] possesses that the

4

> person is unable to pay such fees or give
> security therefor.  Such affidavit shall state
> the nature of the . . . appeal and affiant's
> belief that [he] is entitled to redress.

28 U.S.C. §1915(a).  Under the statute, the bankruptcy court as a "unit of the district court" must submit proposed findings of fact and conclusions of law on the pauperis issue to the district court for de novo review.  See In re Del Rio, 2001 WL 34094074 *1, n. 3 (S.D. Ga. August 15, 2001)("[B]ankruptcy judges should make IFP recommendations, rather than IFP rulings.");  see also  Wilcox v. Massey, 2007 WL 1732571 *1 (S.D. Ga. June 14, 2007) citing Hardy v. Hardy (In re Hardy), Civ. Action No. 496-274, slip op. at 4 (S.D. Ga. January 30, 1997).

      "Proceeding in forma pauperis is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." Camp v. Oliver, 798 F.2d 434, 437 (11th Cir. 1986).  To qualify, Mr. Martin was required to submit an affidavit or certification establishing that he was legally and financially eligible to proceed in forma pauperis.  28 U.S.C. §1915(a); Wilcox v. Massey, 2007 WL 1732571 *2 (S.D. Ga. June 14, 2007).  He must show he "qualifies financially and his claim is not 'wholly insubstantial' or 'fanciful, fantastic, and delusional.'"  In re Michael, 2001 WL 34047879 *1 (Bankr. S.D. Ga. April 23, 2001) citing Huff v. Brooks (In re Brooks), 175 B.R. 409, 413 (Bankr. S.D. Ala.

1994); <u>Carrol v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).

The first consideration is whether Mr. Martin qualifies financially to proceed in forma pauperis.  The onus is upon Mr. Martin to provide the necessary financial information to make this determination.  28 U.S.C. 1915(a); <u>In re Michael</u>, 2001 WL 34047879 at *1 (stating debtor must provide appropriate documentation in order to succeed on his in forma pauperis application).  Mr. Martin has provided conflicting statements regarding his income and expenses, depending upon his desired outcome.  When Mr. Martin wants to proceed in forma pauperis, he provides an affidavit stating his expenses exceeded his income.  (Adv. Proc. No. 08-01010, Dckt. No. 78, ¶2.)  He asserts he does not have any work and he supports himself through the gifts and assistance from family members and friends.  (Adv. Proc. No. 08-01010, Dckt. No. 78, ¶2.)  Yet, 60 days later, when Mr. Martin wants to reaffirm a debt, he certifies his income exceeds his current monthly expenses by more than $500.00 and he can afford a $250.00/month payment.  (Chap. 7 Case No. 07-12092, Dckt. No. 130.) These inconsistent statements adversely affect the credibility of his pauperis affidavit.

Furthermore, the expenses set forth in Mr. Martin's IFP Motion appear to be high when compared with his bankruptcy schedules.  For example his IFP Motion includes: a monthly cell phone bill of $128.00, this is three times higher than the expense

6

set forth in his bankruptcy schedules; a truck expense of $400.00/month for gas and repairs, this is $100 more than the transportation and insurance expense set forth in his bankruptcy schedules for this truck and two other vehicles; and his combined power and water bills for a household of one[3] have more than tripled from the amount set forth in his bankruptcy schedules. (Chap. 7 Case No. 07-12092, Dckt. No. 1, Sch. J.)   Again, these inconsistencies cast doubt on the credibility of Mr. Martin's pauperis affidavit and call into question his good faith. See U.S. v. Wright, 478 F. Supp. 1178, 1179 (D.C.N.Y. 1979)(where a defendant's financial statements sharply conflict with his affidavit in support of application to proceed in forma pauperis on his appeal, his motion was not pursued in good faith and he was not entitled to have his application granted).

Mr. Martin's IFP Motion fails to provide a listing of assets, but it is clear he continues to own a home and truck.  He omits the amount of income from family and friends.  He testified he was current in his house payments, albeit his monthly mortgage payments are being tendered at the end of the month, rather than the beginning.  Mr. Martin testified he has not filed his 2009 tax returns and has not filed for an extension and therefore could not

---

[3]   Mr. Martin's bankruptcy schedules reflect a household of one.  He shares joint custody of his daughter.

AO 72A
(Rev. 8/82)

provide the tax return for verification.  While a litigant need not be absolutely destitute to qualify to proceed in forma pauperis, he must provide the necessary documentation in good faith to merit qualification.  <u>In re Michael</u>, 2001 WL 34047879 at *1 ("In order to proceed in forma pauperis, Debtor must submit appropriate documentation in addition to meeting the legal and financial eligibility requirements outlined in 28 U.S.C. Section 1915. Debtor must show that he qualifies financially and that his claim is not "wholly insubstantial" or "fanciful, fantastic, and delusional.").

Pursuant to 28 U.S.C. §1915(e)(2)[4] an in forma pauperis application may be denied if it appears the poverty allegation is untrue or the appeal is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. §1915(e)(2).  As set forth above, Mr. Martin has not been forthcoming with his statement of assets and

---

[4]   28 U.S.C. 1915(e)(2) states in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

(A) the allegation of poverty is untrue; or

(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

⬥AO 72A

(Rev. 8/82)

income; therefore his poverty allegation is untrue. Because Mr. Martin's poverty allegation is untrue, it is not necessary to determine if the appeal is frivolous.

For the foregoing reasons, I recommend the United States District Court for the Southern District of Georgia deny Mr. Martin's request to pursue an appeal without payment of the fee for his failure to set forth a valid allegation of poverty.

_____
SUSAN D. BARRETT
UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia

this __11th__ Day of June, 2010.

AO 72A
(Rev. 8/82)